UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LYNN MERRIVAL, JR., | 4:24-CV-04064-CCT |
| Plaintiff, | |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| PENNINGTON COUNTY, individual and official capacities; KELLIE WASKO, Secretary of Department of Corrections, individual and official capacities; AMBER PIRRAGILIA, Director of Prisons, individual and official capacities; ALEJANDRO REYES, Associate Warden, individual and official capacities; DAN SASTAK, Unit Manager, individual and official capacities; MAJOR NIXON, individual and official capacities; LT. KOTALIK, individual and official capacities; LT. WARD, individual and official capacities; TESSA CARDA, Corporal Officer, individual and official capacities; DUDLEY SCHROEDER, Corporal Officer, individual and official capacities; CPL RADACT, individual and official capacities; KEDRON KOEHLER, Correctional Officer, individual and official capacities; C.O. KRAUSE, individual and official capacities; C.O. BRANDT, individual and official capacities; C.O. ARNBERG, individual and official capacities; and KELLIE TJEERDSMA, Unit Manager, individual and official capacities, | |
| Defendants. | |

1

Plaintiff, Michael Lynn Merrival, Jr., an inmate at Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Merrival's complaint includes claims alleging deliberate indifference to serious medical needs in violation of his Eighth Amendment rights, claims arising out of the termination of the communication feature on the tablets issued to inmates, and an Equal Protection claim arising out of Merrival's alleged inability to earn discharge credits.[1] *Id.* Merrival filed a motion for a preliminary injunction, a motion for temporary restraining order, and a supplement to his motion for temporary restraining order. Dockets 7, 15, 19.

## DISCUSSION

### I. Merrival's Motion for Preliminary Injunction and Motion for Temporary Restraining Order

Merrival filed a motion for preliminary injunction. Docket 7. "A preliminary injunction is an extraordinary remedy[.]" *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation omitted).

When ruling on a preliminary injunction, the court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other

---

[1] The complaint includes other claims that appear to be unrelated to Merrival's motions for a preliminary injunction and a temporary restraining order.

2

parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Since *Dataphase*, the Eighth Circuit has "observed that the 'likelihood of success on the merits is most significant.' " *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013) (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012)).

Further, the Eighth Circuit has held that "the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction[.]" *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). "To demonstrate irreparable harm, a plaintiff must show that the harm is 'certain, great and of such imminence that there is a clear and present need for equitable relief.' " *Gard v. Dooley*, 2014 WL 4243586, at *1 (D.S.D. Aug. 26, 2014) (quoting *Packard Elevator v. Interstate Com. Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986)). A "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Gard*, 2014 WL 4243586, at *1 (quoting *Travelers Express Co. v. Transaction Tracking Techs., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003)).

Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And "for an injunction to issue 'a right must be violated'

3

and . . . 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.' " *Id.* (quoting *Rogers*, 676 F.2d at 1214).

Here, it is too early in the case to determine that Merrival is likely to prevail on the merits. Merrival's allegation that his serious medical needs were ignored and that his claims related to the termination of the communications feature on the tablets used by inmates are serious allegations. But at this stage, they are supported only by his complaint. Merrival cannot at this stage show that he is likely to succeed on the merits. As a result, his motion for a preliminary injunction is denied at this time, but the court will reconsider it upon motion of Merrival after defendants respond to Merrival's complaint.

Merrival also moves for a temporary restraining order. Docket 15. Under the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). This court denies Merrival's motion for a temporary restraining order for the same reason it has denied the motion for preliminary injunction.

## II.    Merrival's request that the court direct defendants to calculate earned discharge credits

Merrival's motion for temporary restraining order and the supplement to his motion for temporary restraining order request that the court restrain the defendants from keeping him from receiving his earned discharge credits

("EDCs") and order defendants to calculate his EDCs for the month of August.[2] Docket 15 at 3; Docket 19 at 2.

In *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Merrival's request for a temporary restraining order seeking relief in the form of a court ordering defendants to calculate EDCs for which Merrival claims he has not been provided is a request for a speedier release. See Docket 19 at 2 ("I request an order to have the Defendants calculate my EDCs for this month of August to earn the discharge credits."). The court does not have jurisdiction to grant Merrival's request. Thus, his sole federal remedy is a writ of habeas corpus.

Thus, it is ORDERED:

1. Merrival's motion for a preliminary injunction (Docket 7) and for a temporary restraining order (Docket 15) are denied; and

2. Merrival's requests that the court order defendants to calculate his earned discharge credits for the month of August or process him for compassionate release are denied.

---

[2] In his motion for preliminary injunction, Merrival requests that the court order defendants to process him for compassionate release or otherwise recalculate his sentence to provide for an earlier release. Docket 7 at 10–12. But compassionate release cannot be granted as relief in a § 1983 action. *Smith v. Faust*, 2020 WL 13801525, at *2 (E.D. Ark. Dec. 11, 2020).

Dated September 4, 2024.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE