UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LYNN MERRIVAL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PENNINGTON COUNTY, County at State of South Dakota, individual and official capacity; KELLIE WASKO, Secretary of Corrections at Department of Corrections, individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at Department of Corrections, individual and official capacity; ALEJANDRO REYES, Associate Warden at Mike Durfee State Prison, individual and official capacity; DAN SASTAK, Unit Manager at Mike Durfee State Prison, individual and official capacity; MAJOR NIXON, Major Officer at Mike Durfee State Prison, individual and official capacity; LT. KOTALIK, Lieutenant Officer at Mike Durfee State Prison, individual and official capacity; LT. WARD, Lieutenant Officer at Mike Durfee State Prison, individual and official capacity; TESSA CARDA, Corporal Officer at Mike Durfee State Prison, individual and official capacity; DUDLEY SCHROEDER, Corporal Officer at Mike Durfee State Prison, Individual and Official Capacity; CPL. RADACT, Corporal Officer at Mike Durfee State Prison, individual and official capacity; KEDRON KOEHLER, Correctional Officer at Mike Durfee State Prison, individual and official capacity; C.O. KRAUSE, Correctional Officer at Mike Durfee State Prison, | 4:24-CV-04064-CCT <br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND PLAINTIFF'S MOTION TO DISMISS** |

| | |
|---|---|
| individual and official capacity; C.O. BRANDT, Correctional Officer at Mike Durfee State Prison, individual and official capacity; C.O. ARNBERG, Correctional Officer at Mike Durfee State Prison, individual and official capacity; and KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, individual and official capacity,<br><br>               Defendants. | |

Plaintiff, Michael Lynn Merrival, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[1] Docket 1. Merrival moves for leave to proceed in forma pauperis, Docket 2, and filed his prisoner trust account report, Docket 11. Merrival also filed a motion to dismiss, Docket 22, and a motion to quash the application to proceed without prepayment of filing fees, Docket 23. Merrival asserts that his claims are now moot as he has been released from prison. Docket 22 at 2; Docket 24 at 1.

I.   **Motion for Leave to Proceed In Forma Pauperis (Docket 2)**

At the time Merrival filed his motion to proceed in forma pauperis, he was an inmate at the Mike Durfee State Prison. *See* Docket 2. But before the court ruled on Merrival's motion, he was released from custody. *See* Docket 2

---

[1] At the time Merrival filed his complaint, he was an inmate at the Mike Durfee State Prison. *See* Docket 1; Docket 2 at 1. He was later transferred to the Pennington County Jail, Docket 21, and then transferred to the Adult Offenders Facility, Docket 26. But mail sent to Merrival at the Adult Offenders Facility was returned as undeliverable, Docket 27, and he is not listed as an inmate on the inmate listing portal. *See Inmates*, Public Safety Suite Pro, https://oglala-pd-sd.zuercherportal.com/#/inmates (last visited August 20, 2025). Merrival has not provided this Court with an updated address.

at 1 (stating his anticipated release date is September 14, 2024); *see also Offender Search*, South Dakota Office of the Attorney General, *available at* https://savin.sd.gov/portal/Offender/OffenderDetail.aspx?OffenderGuid=7bf13eac-93c5-e511-9b25-005056890ba0 (last visited August 21, 2025) (listing Merrival's release date as May 3, 2025).[2] For the reasons discussed below, the Court grants Merrival's motion to proceed in forma pauperis.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. *See Carson v. Tulsa Police Dep't*, 266 F. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority); *see also Domino v. Garland*, File No. 20-CV-2583 (ECT/BRT), 2021 WL 1221188, at *1 n.3 (D. Minn. Apr. 1, 2021).

The Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated[]" and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1139 (6th Cir. 1997); *see also McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996); *DeBlasio v. Gilmore,* 315 F.3d 396, 397 (4th Cir.

---

[2] The Court takes judicial notice of Merrival's release date because it is included on the South Dakota Office of the Attorney General's website. *See Missourians for Fiscal Accountability v. Klahr,* 830 F.3d 789, 793 (8th Cir. 2016) (recognizing the court's authority to take judicial notice of government websites (citation omitted)).

3

2003). By contrast, the Fifth, Seventh, and D.C. Circuits hold, based on the plain language of § 1915(b)(1), that a plaintiff must pay the full amount of the filing fee if the plaintiff was a prisoner when the action was commenced. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251-52 (D.C. Cir. 1997).

      The Eighth Circuit has not expressly weighed in on this issue but the court's holding in *Tyler* is instructive. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). There, the court denied the plaintiff's motion to proceed in forma pauperis and refused to address the merits of the plaintiff's mandamus petition until the requisite financial obligations were met. *Id.* at 529–30. The court explained that because the plaintiff had previously filed three improper actions, he was no longer eligible for a § 1915(b) installment plan. *Id.* at 529; *see also* 28 U.S.C. § 1915(g) (stating that a prisoner is not eligible for a reduced filing fee or an installment payment plan "if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"). The court ordered the plaintiff to pay the filing fee in full, noting that "[e]ven if [plaintiff]'s petition is dismissed, [plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Tyler*, 110 F.3d at 529–30.

      Based on this language, courts within the Eighth Circuit have held that if a prisoner files an action while in custody, the prisoner remains liable for the

filing fee even if the prisoner is later released from custody. *See Domino*, 2021 WL 1221188, at *1 n.3 (stating that the "holding in *Tyler* that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed . . . is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody[]"); *Counts v. Missouri*, No. 4:24-CV-01437-MTS, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (stating that, in light of the Eighth Circuit's decision in *Tyler*, the 1983 plaintiff was "responsible for the entire [filing] fee because the full fee was assessed against him prior to his release from custody[]"); *McFee v. Minnesota*, Civil No. 11-3614 (SRN/LIB), 2012 WL 514708, at *3 nn.5–6 (D. Minn. Jan. 24, 2012), *report and recommendation adopted*, 2012 WL 512611 (D. Minn. Feb. 15, 2012) (recognizing that the plaintiff must pay the filing fee, despite having been released from custody before the court ruled on the motion for IFP); *Williams v. Doe #1*, No. 4:06CV1344 JCH, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release). *But see Clark v. Wood*, Case No. 4:20-CV-1215-JAR, 2021 WL 1873561, at *1 (E.D. Mo. May 10, 2021) (stating that if a plaintiff was released from custody before the court ruled on the in forma pauperis motion, the court will consider the motion under the non-prisoner standard in 28 U.S.C. § 1915(a)(1)).

    The Court finds that applying the PLRA to Merrival, although he was released from custody before this Court ruled on his motion to proceed in forma pauperis, adheres to the plain language of the PLRA and the Eighth

5

Circuit's holding in *Tyler*. Because Merrival filed this action while he was in custody, he is liable for the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, however, the court may accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Based on the information regarding Merrival's prisoner trust account, Docket 11, the Court finds that his initial partial filing fee would be greater than the current balance in his account at the time this action was commenced. Because Merrival has insufficient funds to pay the initial partial filing fee, the Court waives Merrival's initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

6

To pay his filing fee, Merrival must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> [T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. Merrival remains responsible for the entire $350 filing fee. *See Tyler*, 110 F.3d at 529–30.[3] Because the filing fee provisions of 28 U.S.C. § 1915(b)(2) are applicable to Merrival, and his motion for leave to proceed in forma pauperis, Docket 2, is granted, Merrival's motion to quash his motion for leave to proceed in forma pauperis, Docket 23, is denied as moot.

## II.    1915A Screening

Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim

---

[3] "As a practical matter, because [Merrival] is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. Should [Merrival] be a prisoner in the future, § 1915(b)(2) might then become applicable." *Domino*, 2021 WL 1221188, at *2 n.4; *see also McFee*, 2012 WL 514708, at *3 n.6 (stating that because the plaintiff was released, the fee payment provisions under § 1915(b)(2) cannot be utilized, but noting that if the plaintiff ever returns to custody by violating his terms of release or committing a new crime, § 1915(b)(2) may then become applicable).

7

upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When screening under § 1915A, the Court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Because Merrival has now filed a motion to dismiss, Docket 22, the Court's screening under 28 U.S.C. § 1915A is limited. This limited review is necessary to determine whether dismissal of the action—regardless of its voluntary nature—constitutes a "strike" under 28 U.S.C. § 1915(g). *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) ("A plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim.").

Merrival brings claims against Pennington County, as well as Kellie Wasko, Amber Pirraglia, Alejandro Reyes, Dan Sastak, Major Nixon, Lieutenant Kotalik, Lieutenant Ward, Tessa Carda, Dudley Schroeder, Corporal Radact, Kedron Koehler, Correctional Officer Krause, Correctional Officer Brandt, Correctional Officer Arnberg, and Kelly Tjeerdsma, in their individual and official capacities. Docket 1 at 2–5. He alleges that the defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments. *Id.* at 7–17. Merrival seeks $5 million in monetary damages, along with declaratory and injunctive relief, and any other appropriate relief "to remedy the violations and to prevent injury, irreparable injury and future injuries." *Id.* at 18.

Merrival brings claims against Wasko, Pirraglia, Reyes, Sastak, Nixon, Kotalik, Ward, Carda, Schroeder, Radact, Koehler, Krause, Brandt, Arnberg, and Tjeerdsma in their official capacities for money damages. Docket 1 at 2, 3,

4, 5, 18. These defendants are employees of the State of South Dakota. *Id.* at 2, 3, 4, 5. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, Merrival's suit is against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* The state of South Dakota has not waived its sovereign immunity. Thus, Merrival's claim for money damages against Wasko, Pirraglia, Reyes, Sastak, Nixon, Kotalik, Ward, Carda, Schroeder, Radact, Koehler, Krause, Brandt, Arnberg, and Tjeerdsma in their official capacities is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

"Dismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam) (citing *Byrd v. Shannon*, 715 F.3d 117, 125–27 (3d Cir. 2013)). In *Byrd*, the Third Circuit Court of Appeals explained that § 1915(g) "requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order for the dismissal to count as a strike." 715 F.3d at 125. Thus, because *Castillo-Alvarez* cites *Byrd* with approval, this Court will

9

follow the rule set out in *Byrd*. *See Castillo-Alvarez*, 768 F.3d at 1220 (citing *Byrd*, 715 F.3d at 125–27).

Merrival's official capacity claims against Wasko, Pirraglia, Reyes, Sastak, Nixon, Kotalik, Ward, Carda, Schroeder, Radact, Koehler, Krause, Brandt, Arnberg, and Tjeerdsma for money damages do not survive 1915A screening because he seeks money damages against defendants who are immune from such relief. Even if none of Merrival's other claims survive 1915A screening, the dismissal of his complaint would not constitute a strike under § 1915(g). *See Castillo-Alvarez*, 768 F.3d at 1220. This would be the case even if the remainder of Merrival's claims were dismissed as frivolous, malicious, or because they fail to state a claim upon which relief can be granted, which are the enumerated grounds for a dismissal to count as a strike. In this case, Merrival seeks to voluntarily dismiss his complaint. Docket 22. Thus, it is unnecessary for the Court to screen the remaining claims to determine whether to order service if any of the remaining claims survive.

### III.    Motion to Dismiss (Docket 22)

On February 24, 2025, Merrival filed a motion to dismiss his complaint, stating that he wishes to preserve his claims for a future time because he believes they are currently moot.[4] Docket 22. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may, without the Court's permission, voluntarily dismiss an action "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). None

---

[4] This Court takes no position on the accuracy of Merrival's belief.

of the Defendants have served an answer or a motion for summary judgment. Therefore, Merrival is entitled to voluntarily dismiss his action. Thus, the Court grants Merrival's motion to dismiss, Docket 22, and dismisses the remainder of his claims without prejudice.

## IV.  Conclusion

Thus, it is ORDERED:

1. That Merrival's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That Merrival's claims against Wasko, Pirraglia, Reyes, Sastak, Nixon, Kotalik, Ward, Carda, Schroeder, Radact, Koehler, Krause, Brandt, Arnberg, and Tjeerdsma in their official capacities for money damages are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

3. That Merrival's motion to dismiss, Docket 22, is granted, and his remaining claims are dismissed without prejudice.

4. That Merrival's motion to quash, Docket 23, is denied as moot.

Dated August 25, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE