UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LYNN MERRIVAL, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY, County at State of South Dakota, individual and official capacity; KELLIE WASKO, Secretary of Corrections at Department of Corrections, individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at Department of Corrections, individual and official capacity; ALEJANDRO REYES, Associate Warden at Mike Durfee State Prison, individual and official capacity; DAN SASTAK, Unit Manager at Mike Durfee State Prison, individual and official capacity; MAJOR NIXON, Major Officer at Mike Durfee State Prison, individual and official capacity; LT. KOTALIK, Lieutenant Officer at Mike Durfee State Prison, individual and official capacity; LT. WARD, Lieutenant Officer at Mike Durfee State Prison, individual and official capacity; TESSA CARDA, Corporal Officer at Mike Durfee State Prison, individual and official capacity; DUDLEY SCHROEDER, Corporal Officer at Mike Durfee State Prison, Individual and Official Capacity; CPL. RADACT, Corporal Officer at Mike Durfee State Prison, individual and official capacity; KEDRON KOEHLER, Correctional Officer at Mike Durfee State Prison, individual and official capacity; C.O. KRAUSE, Correctional Officer at Mike Durfee State Prison, | 4:24-CV-04064-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

| | |
|---|---|
| individual and official capacity; C.O. BRANDT, Correctional Officer at Mike Durfee State Prison, individual and official capacity; C.O. ARNBERG, Correctional Officer at Mike Durfee State Prison, individual and official capacity; and KELLY TJEERDSMA, Unit Coordinator at Mike Durfee State Prison, individual and official capacity,<br><br>Defendants. | |

Plaintiff, Michael Lynn Merrival, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983.[1] Docket 1. Before this Court now is Merrival's motion for reconsideration of this Court's Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis and Plaintiff's Motion to Dismiss, Docket 32.

## I. Procedural Background

Before this Court conducted a screening of Merrival's complaint or ruled on his motion for leave to proceed in forma pauperis, Merrival filed a motion to dismiss his complaint. Docket 22. In its order granting Merrival's motion to dismiss his complaint, the Court found that the Prison Litigation Reform Act (PLRA) applied to Merrival, despite him being released from custody subsequent to the filing of his complaint. Docket 28 at 2–7. Therefore, the Court granted Merrival's motion for leave to proceed in forma pauperis and

[1] At the time Merrival filed his complaint, he was an inmate at the Mike Durfee State Prison. *See* Docket 1; Docket 2 at 1. He was later transferred to the Pennington County Jail, Docket 21, and then transferred to the Adult Offenders Facility, Docket 26. Mail sent to Merrival at the Adult Offenders Facility was returned as undeliverable. Dockets 27, 31. Based on the mailing address on his latest filing, it appears that Merrival is located at the Weld County Jail in Greeley, Colorado. *See* Docket 32 at 9.

informed him that he remained responsible for the entire $350 filing fee. *Id.* at 6–7. Considering that Merrival had filed a motion to dismiss, the Court conducted a "limited" screening of Merrival's complaint under 28 U.S.C. § 1915A for the purpose of determining whether dismissal of his action constituted a "strike" under 28 U.S.C. § 1915(g). *Id.* at 7–10.

In this limited screening, the Court dismissed Merrival's official capacity claim for money damages against Wasko, Pirraglia, Reyes, Sastak, Nixon, Kotalik, Ward, Carda, Schroeder, Radact, Koehler, Krause, Brandt, Arnberg, and Tjeerdsma with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because Merrival's claims against these state employees were barred by Eleventh Amendment immunity. *Id.* at 8–9. The Court noted that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Id.* at 9 (quoting *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam) (second and third alterations in original)). Therefore, the Court determined that the dismissal of Merrival's complaint would not constitute a strike under § 1915(g). *Id.* at 10 (citing *Castillo-Alvarez*, 768 F.3d at 1220). After conducting this limited screening for the purpose of determining whether the dismissal of Merrival's complaint counted as a strike, the Court granted Merrival's motion to dismiss his complaint and dismissed the claims that had not been evaluated on screening without prejudice. *Id.* at 10–11.

## II. Motion for Reconsideration

Merrival's motion for reconsideration seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1). Docket 32 at 1. Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment and reopen his case in the event of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b). "Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enter., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). A district court has "wide discretion" in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).[2]

---

[2] Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time[]" and that a motion made under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). The order that Merrival seeks reconsideration of was filed on August 25, 2025. Docket 28. While this Court received Merrival's motion for reconsideration on September 3, 2026, his motion was dated August 24, 2026, Docket 32 at 8, and postmarked August 25, 2026, *id.* at 9. It appears that Merrival was in custody at the time he filed his motion for reconsideration. *See* Docket 32 at 9. Therefore, this Court applies the prison mailbox rule, which provides that a document filed by a pro se prisoner is "filed" at the time the prisoner delivers the document to the prison authorities for forwarding to the Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Lightfeather v. City of Lincoln*, No. 4:20CV3118, 2022 WL 2965534, at *1 (D. Neb. June 29, 2022) (applying the prison mailbox rule to a motion for reconsideration), *affirmed by Lightfeather v. Osborn*, No. 22-2570, 2022 WL 18434539 (8th Cir. Oct. 7, 2022). The Eighth Circuit has interpreted the prison mailbox rule as requiring that a prisoner submit a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting out the date of deposit in the prison's internal mail system. *Legrand v. Carpenter*, No. 4:22-CV-04168-CCT, 2025 WL 276294, at *2 (D.S.D. Jan. 23, 2025) (citations omitted). Here, Merrival has submitted what he titled as a "Declaration in Compliance with 28 U.S.C. § 1746[.]" Docket 32-2 at 1 (capitalization in original omitted). Therefore, the Court will give Merrival the benefit of the prison mailbox rule and consider his motion for reconsideration as timely.

In his motion for reconsideration, Merrival alleges that the Court erred in its application of the PLRA and in screening his complaint after he filed a motion to voluntarily dismiss his complaint. *See, e.g.*, Docket 32 at 8. While Rule 60(b)(1) "covers all mistakes of law made by a judge," *Kemp v. United States*, 596 U.S. 528, 534 (2002), the mistake Merrival alleges is based on his misunderstanding of the law and of the Court's previous order. Therefore, and for the reasons discussed below, his motion for reconsideration, Docket 32, is denied.

As this Court understands his motion, Merrival seeks reconsideration of the Court's previous order for two reasons. First, he alleges that the Court should not have applied the PLRA, and therefore that he should not owe a filing fee, because he had filed a motion to dismiss his case and was not a prisoner at the time the Court evaluated his motion for leave to proceed in forma pauperis. *See* Docket 32 at 4, 6, 7, 8. Second, Merrival contends that the Court erred when it issued him a strike pursuant to 28 U.S.C. § 1915(g). *See id.* at 5, 7, 8.

Beginning with Merrival's claim that the Court should not have applied the PLRA because he had been released from custody, the PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Eighth Circuit has stated that the purpose of the PLRA "was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in

installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Therefore, "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action[.]" *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) ("Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." (citation omitted)).

As the Court explained in its screening order, other courts within the Eighth Circuit have held that if a prisoner files an action while in custody, the prisoner remains liable for the filing fee even if the prisoner is later released from custody, and that this application adheres to the plain language of the PLRA. Docket 28 at 4–6 (citing cases). This application of the PLRA is also consistent with other cases in the District of South Dakota. *See Hilston v. Lincoln Cnty. Cir. Judges*, 782 F. Supp. 3d 712, 715–717 (D.S.D. 2025); *Bell v. Bittinger*, No. 4:24-CV-04152-LLP, 2025 WL 1424903, at *1–2 (D.S.D. May 16, 2025); *West v. Gustafson*, No. 4:25-CV-04142-RAL, 2026 WL 822139, at *1–2 (D.S.D. Mar. 25, 2026).

Merrival also alleges that the Court erred in applying the PLRA, and therefore holding him responsible for the entire $350 filing fee, because he had filed a motion to dismiss his complaint before the Court conducted its screening. *See* Docket 32 at 7; *see also* Docket 28 at 7 (providing that "Merrival remains responsible for the entire $350 filing fee."). But as explained above, the Eighth Circuit has explained that "the PLRA makes prisoners responsible for

their filing fees *the moment the prisoner brings a civil action*[.]" *In re Tyler*, 110 F.3d at 529–30 (emphasis added). This Court may not ignore the clear language of the PLRA and the guidance set forth by the Eighth Circuit in *Tyler*. Further, other district courts within the Eighth Circuit have held that a prisoner plaintiff remains liable for the full filing fee despite voluntary dismissal of their complaint. *See Harris v. Corizon Med. Serv.*, No. 1:13-CV-147, 2020 WL 3429455, at *2 (E.D. Mo., June 23, 2020) (holding that a prisoner's voluntary dismissal of his complaint "does not excuse or negate his obligation to pay the filing fee in full[]" under the PLRA); *see also Copley v. Henderson*, 980 F. Supp. 322, 323 (D. Neb. 1997) ("[P]risoners should understand that from the moment we allow them to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases."). Therefore, Merrival is not entitled to relief under Rule 60(b)(1) based on the Court's application of the PLRA.

As for Merrival's contention that he was assessed a strike under 28 U.S.C. § 1915(g) in error, this Court's previous order makes clear that Merrival was *not* assessed a strike. Docket 28 at 10. When conducting its limited screening of Merrival's complaint for the purpose of determining whether Merrival should receive a strike, this Court noted that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in [§] 1915(g)[.]" *Id.* at 9 (quoting *Castillo-Alvarez*, 768 F.3d at 1220 (second and third alterations in original)). Because Merrival's official capacity claims against defendants employed by the State of South Dakota were barred by immunity,

the Court noted that "[e]ven if none of Merrival's other claims survive 1915A screening, the dismissal of his complaint would not constitute a strike under § 1915(g)." *Id.* at 10. Because this Court did not assess Merrival a strike under § 1915(g), Merrival is not entitled to relief under Rule 60(b)(1).

## III. Additional Requests

In the event that his motion for reconsideration was denied, Merrival attached a motion for leave to proceed in forma pauperis on appeal and requests that he be sent paperwork for him to file an appeal. Dockets 32-1, 32-3. Merrival also attaches what he labels as "Plaintiff's Affidavit Outlining Issues to Present on Appeal Pursuant to Fed. R. App. P. 24(a)(1)[.]" Docket 32-4 (capitalization in original omitted). This Court directs the Clerk of Court to send Merrival an appeal packet and will assess Merrival's motion for leave to proceed in forma pauperis on appeal should Merrival file a notice of appeal.

## IV. Conclusion

Accordingly, it is ORDERED

1. That the Clerk of Court shall send Merrival an appeal packet.
2. That Merrival's motion for reconsideration, Docket 32, is denied.

Dated October 13, 2026.

BY THE COURT:

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE